UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-MJ-3209 Turnoff

UNITED STATES OF AMERICA

vs.

DEVON DASHELLE SAWYER,

Defendant.

_____/

# CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
ROBERT EMERY
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 152579
99 N. E. 4th Street
Miami, Florida   33132-2111
TEL (305) 961-9421
FAX (305) 530-7976

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| Devon Dashelle Sawyer, | ) Case No. 16-MJ-3209 Turnoff |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __Sept. 1, through Sept. 3, 2016__ in the county of __Miami-Dade and Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) and 846 | Conspiracy to posses with intent to distribute a controlled substance, that is, a mixture and substance containing five kilograms or more of cocaine |

This criminal complaint is based on these facts:
See attached affidavit.

☐ Continued on the attached sheet.

_Complainant's Signature_

Special Agent Nicholas Weeden, DEA
_Printed name and title_

Sworn to before me and signed in my presence.

Date: __09/05/2016__

_Judge's signature_

City and state: __Miami, Florida__  William C. Turnoff, U.S. Magistrate Judge
_Printed name and title_

## **AFFIDAVIT**

I, Nicholas Weeden (the "Affiant), being duly sworn, hereby depose and say that:

1. I am a Special Agent with the Drug Enforcement Administration (DEA) assigned to the Miami Field Division, and I have been so employed since August, 2008. As such, I am an investigative and law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516(1).

2. As a Special Agent, I have participated in numerous investigations involving the possession, manufacture, distribution, and importation of controlled substances, as well as the laundering of money involved in such activities. During those investigations, I have assisted in the arrests of many individuals for various drug and money laundering violations, and I have spoken with numerous drug dealers, gang members, and informants concerning the methods and practices of drug traffickers. The information set forth in this affidavit is based upon my personal involvement in this investigation, as well as from information provided to me by other law enforcement officers.

3. The information set forth in this affidavit is provided solely for the purpose of establishing probable cause for the arrest of Devon Dashelle SAWYER for conspiracy to possess with intent to distribute a controlled substance, that is, five (5) kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. I have not included in this Affidavit each and every fact and circumstance known to me, but only the facts and circumstances that I believe are sufficient to establish probable cause.

4. On or about September 1, 2016, DEA agents conducted surveillance as part of an ongoing investigation in Miami Shores, Florida. During surveillance, agents conducted a traffic stop and approached the driver, hereinafter referred to as a DEA cooperating witness (CW). As a result of this contact, DEA Agents obtained consent from the CW to return to the CW's residence and conduct a search of the CW's condominium. In addition, DEA Agents obtained written consent, from the Renter, to search the condominium located at 790 NE 91st Street, Apartment #6, Miami Shores, Florida 33138. As a result of the search, DEA Agents discovered a black bag containing multiple small, square and cylindrical wrapped, brick-like objects. DEA Agents later conducted a field test of the contents of one of the brick-like objects and it resulted in a positive indication for the presence of cocaine. The CW, agreeing to cooperate with the DEA, indicated that a Hispanic male, known only as "Ricardo" and resides in the Dominican Republic, instructed the CW to pick up the bag and store the bag at the CW's condominium. The CW further advised that the CW was waiting to receive instructions on when and to whom to deliver the bag.

5. On or about September 2, 2016, the CW, received a telephone call from an unidentified male, later identified as Devon Dashelle SAWYER, as arranged by a mutual third party associate. During this telephone call, which was witnessed by DEA agents, the CW confirmed with SAWYER to deliver fifteen (15) kilograms of cocaine to SAWYER on Saturday, September 3, 2016.

6. On the morning of September 3, 2016, the CW and SAWYER engaged in an ongoing text message and voice conversation regarding the time and the city in order to deliver the cocaine to SAWYER. In addition, the CW requested SAWYER to send a picture of a dollar (US) bill to the CW and further requested SAWYER to present the dollar bill to the CW at the meeting to verify SAWYER. At the request of the CW,

SAWYER sent a picture of a five dollar (US) bill bearing serial number "MA31628960A".

7. At approximately 3:45 P.M., on September 3, 2016, SAWYER and the CW made contact at the Walmart parking lot in Fort Lauderdale, Florida. DEA Special Agents witnessed and recorded this meeting. Prior to the meeting, agents searched the CW and the CW vehicle for contraband with negative results. In addition, agents provided the CW with an audio and video recording device and placed a recording device within the CW vehicle. The CW was also provided with a black bag containing fifteen (15) kilograms of "sham" cocaine. Upon SAWYER's arrival, SAWYER spoke with the CW on the telephone and advised the CW that he would be driving a white Chrysler 300 sedan. Once SAWYER arrived, the CW advised SAWYER where to park. The CW proceeded to walk to the white Chrysler 300 and asked to see the five dollar bill. After confirming the serial number of the five dollar bill, the CW advised SAWYER to follow him to the CW's vehicle. During the meeting, the CW and SAWYER met in the trunk area of the CW's vehicle. The CW then presented the bag containing the fifteen kilograms of "sham" cocaine to SAWYER. After SAWYER looked and verified the contents in the bag (multiple kilograms of "sham" cocaine), the CW asked if SAWYER wanted to "check it". SAWYER stated that he did not and then SAWYER asked the CW, "how many?" The CW responded by saying "I think 15". SAWYER then proceeded to take possession of the bag and placed the bag in the backseat of the passenger side of his vehicle. Shortly thereafter, SAWYER was arrested without incident.

8. After waiving his *Miranda* rights in writing, SAWYER acknowledged to the agents the contents of the bag he received and he advised agents that he wanted to make some extra money because of hard financial times.

9. Based upon the foregoing, your Affiant submits there is probable cause to believe that Devon Dashelle SAWYER did knowingly commit conspiracy to possess with the intent to distribute five (5) kilogram or more of cocaine, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

FURTHER YOUR AFFIANT SAYETH NAUGHT

_____
NICHOLAS WEEDEN, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Sworn to and subscribed before me this
5th day of SEPTEMBER 2016

_____
WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

4